IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY L. SHUMRAK, ET AL. | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1762-N |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, | § | |
| DRUG ENFORCEMENT AGENCY | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioners Amy L. Shumrak and Joel Alan Shumrak, appearing *pro se*, have filed separate petitions to contest the forfeiture of property. For the reasons stated herein, the petitions should be dismissed for want of prosecution.

I.

On September 25, 2006, petitioners filed this action contesting the forfeiture of a 2005 Chevrolet Corvette automobile, which was seized by federal agents pursuant to a warrant issued by this court. However, petitioners did not pay the statutory filing fee or submit an application to proceed *in forma pauperis*. By order dated October 6, 2006, petitioners were directed to correct this deficiency within 20 days or the case would be dismissed. No action was taken in response to that order. On October 27, 2006, the court again ordered petitioners to either pay the statutory filing fee or seek leave to proceed *in forma pauperis.* Petitioners were warned that the "failure to comply with the Court's order within twenty (20) days may result in the imposition of sanctions, including dismissal of this action for want of prosecution." To date, petitioners still have not paid the statutory

filing fee or sought leave to proceed *in forma pauperis.* The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioners have not paid the statutory filing fee or sought leave to proceed *in forma pauperis.* Until they do so, this litigation cannot proceed. Petitioners were twice notified of this deficiency and warned that the failure to pay the filing fee or seek leave to proceed *in forma pauperis* would result in the dismissal of their case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 (N.D. Tex. Jan. 26, 2006) (Kaplan, J.) (recommending dismissal without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE